IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Larry Scott,<br><br>Plaintiff,<br><br>v.<br><br>Town of Kingstree, Kingstree Police Department and Joseph Shaw,<br><br>Defendants. | C/A No. 4:16-2901-CMC<br><br><br>**OPINION AND ORDER** |

Larry Scott ("Plaintiff") brought this action against the Town of Kingstree, Kingstree Police Department, and Joseph Shaw (collectively "Defendants")[1] claiming violation of his constitutional rights pursuant to 42 U.S.C. § 1983.[2] ECF No. 14, Am. Compl. This matter is before the court on Defendants' motion for summary judgment filed December 11, 2017. ECF No. 37. On December 21, 2017, 2017, Plaintiff filed a response in opposition. ECF No. 42. Defendants filed a reply. ECF No. 43.

On May 11, 2018, the Magistrate Judge issued a Report and Recommendation, recommending Defendants' motion for summary judgment be granted as to the federal claim under § 1983, and the remaining state law claims be remanded to state court. ECF No. 44. The Magistrate Judge advised the parties of the procedures and requirements for filing objections to

---

[1] Williamsburg County, an original defendant in this case, was dismissed by stipulation on June 28, 2017. ECF No. 28.

[2] Plaintiff originally filed the case in the Court of Common Pleas for Richland County, but Defendants removed to this court. After removal, Plaintiff filed an Amended Complaint.

the Report and the serious consequences if they failed to do so. On May 25, 2018, both parties filed objections to the Report. ECF Nos. 45, 46. Defendants filed a reply on June 8, 2018. ECF No. 48. This matter is ripe for the court's review.

**I.     Standard**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). The court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

**II.    Discussion**

Plaintiff has alleged five causes of action against Defendants in his Amended Complaint: (1) negligence and negligent supervision; (2) false arrest and imprisonment under state law; (3) intentional infliction of emotional distress ("IIED"); (4) malice under state law; and (5) a federal claim for false arrest and imprisonment and malicious prosecution under § 1983. ECF No. 14.

The Report[3] recommends dismissal of Plaintiff's federal claim because Plaintiff's indictment by the Grand Jury on state charges of kidnapping, armed robbery, and possession of a weapon during the commission of a violent crime establishes probable cause for the arrest and prosecution, defeating Plaintiff's claim. ECF No. 44 at 8. The Magistrate Judge also recommends remand of Plaintiff's four[4] state law claims. *Id.* at 14. As Plaintiff has conceded the sole proper party for his state law claims is the Town of Kingstree (*see* ECF No. 42 at 9), the Report recommends dismissal of Kingstree Police Department[5] and Joseph Shaw, individually. *Id*. at 16. Plaintiff has also agreed to dismiss his state law claim for malicious prosecution as the South Carolina Tort Claims Act ("SCTCA") bars the cause of action, and the Report recommends such a dismissal. ECF Nos. 42 at 11; 44 at 16.

    *a. Federal § 1983 claim*

Plaintiff objects to the recommended dismissal of his § 1983 claim, arguing Defendant Shaw swore to a false statement in the arrest warrant affidavit and therefore no probable cause ever existed to arrest Plaintiff. ECF No. 45. He contends a question of fact exists as to whether Shaw made a false statement in the arrest affidavit and therefore the issuance of the arrest warrant by a magistrate and the grand jury indictment do not foreclose his claim. Plaintiff also argues the existence of a warrant is not an absolute bar to a claim of false imprisonment under

---

[3] The court adopts the facts as presented in the Report.
[4] As Plaintiff has agreed to drop his state law claim for malicious prosecution, only three state law claims still exist.

[5] Plaintiff agreed to the dismissal of Kingstree Police Department. ECF No. 42 at 2 n.1.

3

*Franks v. Delaware*, 438 U.S. 154 (1978), and that proceedings were terminated in his favor when the prosecutor *nolle prossed* his charges. *Id.* at 4.

Defendants replied to Plaintiff's objections, arguing Plaintiff cannot rebut the presumption of probable cause established by the grand jury indictment, as there is no evidence Shaw testified before the grand jury at all, much less provided false information. ECF No. 48. In addition, they contend the Magistrate Judge was not required to undertake an analysis pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978), as Plaintiff argues, because determinations of probable cause by the grand jury, state trial judge and appeals court broke the chain of causation between Plaintiff's alleged unlawful arrest and his conviction. *Id.* at 3-5.

Plaintiff's § 1983 claim is characterized as one for false arrest/imprisonment and malicious prosecution. As recognized by the Magistrate Judge, the false arrest claim ceased, at the latest, by the time of the grand jury indictment.[6] *See* ECF No. 44. After the indictment, Plaintiff's § 1983 claim can only be for malicious prosecution.[7]

"The Fourth Amendment prohibits law enforcement officers from making unreasonable seizures, and the seizure of an individual effected without probable cause is unreasonable."

---

[6] The court notes "the statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process." *Wallace v. Kato*, 549 U.S. 384, 396 (2007). In this case, Plaintiff was detained pursuant to legal process no later than the date the grand jury returned the indictment in 2006, as Plaintiff has failed to show the grand jury indictment was tainted by the alleged false statement. *See infra* at 6-7.

[7] "[I]t is not entirely clear whether the Constitution recognizes a separate constitutional right to be free from malicious prosecution . . . if there is such a right, the plaintiff must demonstrate both an unreasonable seizure and a favorable termination of the criminal proceeding flowing from the seizure." *Snider v. Seung Lee*, 584 F.3d 193, 199 (4th Cir. 2009).

4

*Brooks v. City of Winston-Salem, N.C.*, 85 F.3d 178, 183 (4th Cir. 1996). To establish a Fourth Amendment claim for "malicious prosecution," Plaintiff must demonstrate Defendant "seized the plaintiff pursuant to legal process that was not supported by probable cause" and that the criminal proceedings terminated in his favor.[8] *Durham v. Horner*, 690 F.3d 183, 189 (4th Cir. 2012). A grand jury indictment, "fair on its face . . . conclusively determines the existence of probable cause." *Id.* However, "a grand jury's decision to indict will not shield a police officer who deliberately supplied misleading information that influenced the decision." *Massey v. Ojaniit*, 759 F.3d 343, 356-57 (4th Cir. 2014). False statements or omissions violate the Fourth Amendment only if they are material, or necessary to the finding of probable cause, and "made deliberately or with a reckless disregard for the truth." *Id.* at 357. "While intervening acts of other participants in the criminal justice system, such as an exercise of prosecutorial discretion or the return of an indictment, generally insulate a police officer from liability, officers may be liable to a wrongfully indicted defendant when they have, e.g., lied to or misled the prosecutor." *Id.* at 357 (internal citations omitted).

Plaintiff argues Shaw made a false statement that Plaintiff was identified on the video "deliberately or with reckless disregard for the truth" to obtain the arrest warrant in violation of the Fourth Amendment. *Franks*, 438 U.S. at 155; *Miller v. Prince George County, MD.*, 475 F.3d 621, 631 (4th Cir. 2007).[9] However, even if Plaintiff survives the first hurdle of showing

---

[8] The statute of limitations for a § 1983 malicious prosecution claim is three years, and begins to run when the criminal proceedings terminate in plaintiff's favor. *Snider*, 584 F.3d at 199.

[9] Plaintiff cites *Miller* in support of his argument regarding probable cause; however, the plaintiff in that case was "cleared of the charges and released" before presentment to the grand jury. *Miller*, 475 F.3d at 626. Therefore, while *Miller* may support Plaintiff's claim regarding the
Footnote Continued . . .

5

the arrest warrant was issued due to the deliberate or reckless false statement, there are still several other instances in which probable cause was found: the grand jury indictment, the prosecutor's decision to charge, the trial judge's denial of a directed verdict, and the South Carolina Court of Appeals' affirmance of his conviction.

Plaintiff argues the grand jury indictment was tainted by the submission of the false statement, and therefore does not foreclose his right to pursue a Fourth Amendment claim. However, he has presented no evidence the grand jury indictment was actually influenced by the alleged false statement in the affidavit. Plaintiff notes "the testimony before the grand jury *would have been* whether they agreed or disagreed with the information contained in the arrest warrant," citing Shaw's deposition at 130:17-22. However, this does not prove what was actually testified to before the grand jury, and Shaw's deposition merely shows agreement, in a general sense, that the grand jury "gives an indictment" "that is either agreeing or disagreeing with [the] arrest warrant." ECF No. 42-1 at 34, Shaw dep. 130:19-22. Plaintiff's arguments in a brief to the court regarding what the grand jury testimony would have been do not meet his burden of showing false testimony was submitted to the grand jury and was the basis for his indictment. *See, e.g.*, ECF No. 45 at 3 ("[T]he probable cause presented to the grand jury *would have been* the statement that Plaintiff was positively identified in video surveillance, an untrue statement." (emphasis added)). Further, other testimony could have been elicited in the grand jury proceedings to support the warrant. The unsupported arguments provided by Plaintiff regarding what "would have" happened at the grand jury simply are not enough to create a

---

issuance of the warrant, it does not address continuing instances of probable cause as found at various points in the prosecution process.

genuine issue of fact. *See Rothstein v. Carriere*, 373 F.3d 275, 284 (2d Cir. 2004) ("The burden of rebutting the presumption of probable cause requires the plaintiff to establish what occurred in the grand jury, and to further establish that those circumstances warrant a finding of misconduct sufficient to erode the premise that the grand jury acts judicially.") As noted by the Magistrate Judge, this failure means Plaintiff is unable to avoid summary judgment on either a false arrest or malicious prosecution[10] claim.

Further, even assuming the grand jury indictment was tainted by the alleged false statement, the trial judge's denial of a directed verdict, the jury verdict of guilty, and the Appeals Court's affirmance of that verdict all establish probable cause for Plaintiff's arrest. Officer Neville agreed in his testimony at trial the photographs from the store video bore similarities to the mug shots of Plaintiff and his co-defendant, but he could not testify the mug shot photograph and the photograph from the robbery depicted the same individuals. ECF No. 37-5 at 142-144, Trial Tr. at 199:14-19; 201:8-16. Despite this testimony, Plaintiff's directed verdict motion was denied and the jury found him guilty. Any alleged improper taint in the warrant or grand jury indictment was cured by these subsequent actions.

As Plaintiff has failed to raise an issue of material fact regarding the grand jury indictment (or other points in the process where probable cause was found), summary judgment for Defendants is appropriate. Plaintiff's § 1983 claim is dismissed with prejudice.

    b. *State Law Claims*

---

[10] The court further agrees with the Magistrate Judge Plaintiff has failed to show the underlying criminal charges were terminated in his favor, only showing they were *nolle prossed* because he had already served seven years. ECF No. 37-3 at 18.

Defendants object to remand of the state law claims and request the court enter summary judgment on those claims on grounds they were filed outside the statute of limitations. ECF No. 46. Plaintiff did not respond to this argument in his objections, but noted in his opposition to summary judgment the statute of limitations on state law claims did not begin to run until the charges against him were dismissed. ECF No. 42.

As Plaintiff has agreed to dismiss his malicious prosecution claim because the SCTCA bars that cause of action, and agreed Defendant Town of Kingstree is the only proper party against whom the state law claims are maintained, the remaining state law claims are negligent training and supervision of Shaw, false imprisonment, and intentional infliction of emotional distress ("IIED"), or outrage against Defendant Town of Kingstree. *See* ECF No. 42.

### a. *Negligent Training/Supervision and IIED/Outrage*

Plaintiff's negligence claim centers on the Town's alleged failure to properly train and supervise its officers, including Shaw, which led to Shaw submitting the affidavit containing an alleged false statement. ECF No. 42 at 9-10. The statute of limitations under the SCTCA is two years. S.C. Code § 15-78-110. Shaw's action of submitting an alleged false statement in the affidavit occurred in April 2006. Plaintiff knew or should have known of the alleged false statement in the affidavit at the time of his arrest in April 2006, or at the very latest at the time of his trial in March 2007. *See Brown v. Leonard*, 2008 WL 9832870 at *5 (Jan. 11, 2008) (holding negligent supervision claim based on deputy's arrest of the plaintiff had been filed outside statute of limitations because the statute began to run on the date of arrest, not on the date the plaintiff's charges were *nolle prossed*). The claim of negligent training/supervision was not filed until May 31, 2016. Therefore, this claim was filed outside the statute of limitations, is untimely, and dismissed with prejudice.

Similarly, Plaintiff's IIED/outrage claim is based on Shaw's action of submitting allegedly false information in the affidavit. As noted above, this occurred in April 2006, and Plaintiff knew or should have known of the statement at least by his trial in March 2007. As this IIED/outrage claim was filed in May 2016, it is outside the statute of limitations. Therefore, it is dismissed with prejudice.

### b. *False Imprisonment*

The statute of limitations for false imprisonment is two years, as is the limitations period in the SCTCA. S.C. Code § 15-3-550; § 15-78-110. For false imprisonment claims, the statute of limitations "begins to run when the plaintiff is released following an arrest."[11] *Canzater v. City of Columbia*, No. 2004-UP-054, 2004 WL 6248833 at *1 (S.C. Ct. App. Jan. 22, 2004). While the record does not definitively show when Plaintiff was released from custody, his state Post-Conviction Relief Application was granted on May 24, 2014, ordering a new trial. The Solicitor's Office chose to *nolle pross* the charges on August 5, 2014. The instant case was filed (originally in state court) on May 31, 2016. Although it is possible Plaintiff could have been released from custody before May 31, 2014, the record does not establish this. Therefore, summary judgment based on the statute of limitations is inappropriate for this claim.

However, the South Carolina Supreme Court has held "[i]f a lawful arrest has been improvidently procured, without probable cause, the plaintiff's remedy lies in an action for malicious prosecution . . . the law refers an innocent person so wronged to the action of

---

[11] Defendants cite federal cases holding a § 1983 false arrest/imprisonment claim accrues when a plaintiff was detained pursuant to legal process. ECF No. 43 at 9 n.5 (citing *Wallace v. Kato*, 549 U.S. 384 (2007), *et al*.). However, this state claim of false arrest or imprisonment is brought under South Carolina law.

9

malicious prosecution for the only redress to which he is entitled." *Bushardt v United Inv. Co.*, 113 S.E.2d 637, 639 (S.C. 1922); *see also Whaley v. Lawton*, 35 S.E. 741, 743 (S.C. 1900) (holding false imprisonment "proceeds upon the theory that the plaintiff has been arrested without authority of the law and illegally deprived of his liberty, while [malicious prosecution] proceeds upon the theory that such prosecution is malicious and without probable cause."); *Watkins v. Mobil Oil Corp.*, 313 S.E.2d 641 (S.C. Ct. App. 1984) ("[W]here one is lawfully arrested by lawful authority, an action for false imprisonment cannot be maintained against the party causing the arrest.").[12] In the instant case, Plaintiff was arrested pursuant to a facially valid warrant. Although he alleges a statement in the affidavit was false, he does not contest the facial validity of the warrant. Therefore, under South Carolina law, his remedy must lie in an action for malicious prosecution. As Defendants enjoy absolute immunity for malicious prosecution, Plaintiff has agreed to dismiss his malicious prosecution claim. Therefore, summary judgment is appropriate on this claim and it is dismissed with prejudice.

### III. CONCLUSION

Having conducted a *de novo* review of the Report and underlying motion and related memoranda, and having fully considered all objections, the court adopts the Report in part. Defendants' motion for summary judgment (ECF No. 37) is granted as to all claims. The part of the Report regarding the § 1983 claim is adopted and incorporated by reference, and that claim is

---

[12] The court recognizes more recent South Carolina cases evaluated claims for false imprisonment where the arrest was made pursuant to a warrant. *Law v. South Carolina Dept. of Corr.*, 629 S.E.2d 642 (S.C. 2006*); Huffman v. Sunshine Recycling, LLC*, 790 S.E.2d 401, 406 (S.C. Ct. App. 2016), *cert. granted*, No. 2016-002080 (S.C. 2017). However, neither discussed long-standing precedent in South Carolina that there can be no claim for false arrest/imprisonment where the arrest is effectuated by a facially valid warrant.

dismissed with prejudice. The court declines to adopt the Report's recommendation of remand for the state law claims, and finds the negligence and IIED/outrage claims are untimely and should be dismissed with prejudice. Plaintiff's claim against Defendant Town of Kingstree for false imprisonment under the SCTCA is also dismissed with prejudice for reasons set forth above. Plaintiff's state law claim for malicious prosecution is dismissed as agreed by Plaintiff, and all claims against Defendants Shaw and Kingstree Police Department are dismissed with prejudice.

**IT IS SO ORDERED.**

s/Cameron McGowan Currie  
CAMERON MCGOWAN CURRIE  
Senior United States District Judge

Columbia, South Carolina  
July 25, 2018